[Cite as *State v. Hinton*, 2025-Ohio-2249.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO.   C-240518
                                                   TRIAL NO.    C/23/TRC/16618
    Plaintiff-Appellee,            :

  vs.                                   :

KENYADA HINTON,                         :          *JUDGMENT ENTRY*

    Defendant-Appellant.          :


This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 6/27/2025 per order of the court.**


**By:**_____

      **Administrative Judge**

[Cite as *State v. Hinton*, 2025-Ohio-2249.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240518 |
| | | TRIAL NO. C/23/TRC/16618/A |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| KENYADA HINTON, | : | *O P I N I O N* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 27, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Norbert Wessels*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein & Gallagher* and *William R. Gallagher*, for Defendant-Appellant.

**Bock, Judge.**

{¶1} Defendant-appellant Kenyada Hinton appeals the trial court's judgment convicting her of operating a vehicle while impaired ("OVI") in violation of R.C. 4511.19(A)(1)(a). Holding that her conviction was supported by sufficient evidence and not against the manifest weight of the evidence, we affirm the trial court's judgment.

## I. Factual and Procedural History

{¶2} Kenyada Hinton was involved in a single-car crash. As a result, the State charged her with OVI and failing to maintain reasonable control over her vehicle.

{¶3} At her bench trial, Colerain Township Police Officers Grote and Prince testified. Grote said he was dispatched to the scene of a car crash on a highway with possible injuries. Upon his arrival, Grote observed a car door on a guardrail. Further, he saw Hinton's car, which was missing its driver's-side door and facing east in the westbound lanes of the highway. Hinton was in the back of an ambulance talking to the paramedics. Officer Grote testified that Hinton did not complain of any pain. Moreover, after the paramedics examined her, they did not transport Hinton to the hospital.

{¶4} Grote explained that when he first saw and spoke with Hinton, he smelled the odor of an alcoholic beverage coming from her person. Grote noticed that Hinton's eyes were "glossy" and her speech was "slow and lethargic" and slurred, with some words being unintelligible. She was making odd statements. Grote and Prince described her emotional state as a roller coaster, calm one minute and upset the next. Grote testified that at one point Hinton started dancing. Grote stated that Hinton admitted at the scene that she had just left a bar and that she had consumed one alcoholic drink. Officer Prince, who was also at the scene, testified that Hinton had said she had consumed "a few drinks" while at the bar.

3

**{¶5}** Grote detailed sexual comments Hinton made while speaking with him. Both Grote and Prince reported that Hinton stated multiple times that she was "so fucked up." Finally, Grote testified that Hinton had stumbled when she stood up, and when trying to hand her driver's license to the officer, she fumbled with her wallet and dropped another card. Suspecting that Hinton was under the influence of alcohol, Grote transported Hinton to the police station where he had her perform the standardized field-sobriety tests. Grote testified that Hinton performed poorly on these tests and that she exhibited clues demonstrating impairment.

**{¶6}** The trial court found Hinton guilty of OVI,[1] and sentenced her to 180 days in jail, with 176 days suspended, one day credited, and ordered her to attend the three-day Driver Intervention Program. The trial court also granted Hinton's request to stay her sentence pending appeal.

**{¶7}** Hinton now appeals, raising two assignments of error.

## *II.    Analysis*

**{¶8}** In her first assignment of error, Hinton challenges the sufficiency of the evidence underlying her OVI conviction. In reviewing a challenge to the sufficiency of the evidence, we must determine whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Cleaned up.) *State v. Walker*, 2016-Ohio-8295, ¶ 12.

**{¶9}** The trial court convicted Hinton of violating R.C. 4511.19(A)(1)(a), which provides that "[n]o person shall operate any vehicle . . . if, at the time of the operation . . . [t]he person is under the influence of alcohol." To sustain a conviction

---

[1] The trial court also found Hinton guilty of failing to maintain reasonable control of her vehicle, but Hinton is not appealing that judgment of conviction.

for OVI, the State must prove that the defendant ingested alcohol and the alcohol impaired the defendant's subsequent driving. *See State v. Bowden*, 2020-Ohio-4556, ¶ 11 (1st Dist.).

**{¶10}** The State presented evidence that Hinton had ingested alcohol before getting in her car and driving. Hinton admitted to Officer Grote that she was driving home from a bar, where she had had one alcoholic beverage (or possibly more), when she crashed her car. Interacting with Hinton shortly after the crash, Officer Grote testified that he had smelled the odor of an alcoholic beverage coming from her person. The State also presented evidence that alcohol had impaired Hinton's driving, including that Hinton was in a single-car accident late at night. The officers testified that when interacting with Hinton at the scene, they noted that she was unsteady on her feet, her emotions were like a roller coaster, she was making sexual comments, her eyes were "glossy," and her speech was sluggish, and at times unintelligible. Hinton fumbled with her wallet while trying to pass her driver's license to an officer and performed poorly on standardized field-sobriety tests, exhibiting clues of impairment. All these characteristics are indicative of someone who is impaired by alcohol. *See State v. Richards*, 2016-Ohio-3518 ¶ 30 (1st Dist.) (single-car accident late in the evening, bloodshot eyes, odor of alcohol, slow speech, admission to consuming alcohol, and poor performance on field-sobriety tests are indicative of impairment).

**{¶11}** Hinton argues that the State had to prove that the signs of impairment she exhibited had not been caused by a head injury she may have sustained in the car crash. We disagree. The State submitted evidence that, if believed, demonstrated that Hinton had consumed alcoholic beverages before driving and that her driving was impaired by the alcohol. Additionally, the State presented evidence to demonstrate that Hinton had not been injured in the accident: paramedics examined her but did

not transport her to a hospital and she was not complaining of pain.

**{¶12}** Given the evidence presented at trial, we hold that Hinton's OVI conviction was supported by sufficient evidence. We overrule her first assignment of error.

**{¶13}** In her second assignment of error, Hinton argues that her conviction is against the manifest weight of the evidence. When reviewing a challenge to the manifest weight of the evidence, this court must "review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice." *State v. Powell*, 2020-Ohio-4283, ¶ 16.

**{¶14}** Here, Hinton argues that the evidence demonstrates that it is more likely than not that her impairment was caused by a head injury instead of alcohol. We are unpersuaded. Hinton, following the crash, was not complaining of any pain after paramedics examined her, and did not go to a hospital. Given that there was no evidence that she was suffering from a head injury, the characteristics she was exhibiting following the accident were indicative of alcohol impairment. Thus, we cannot say that the trial court lost its way and created a manifest miscarriage of justice by finding Hinton guilty of OVI.

**{¶15}** We overrule Hinton's second assignment of error.

### III.    Conclusion

**{¶16}** Having overruled both assignments of error, we affirm the trial court's judgment.

Judgment affirmed.

**CROUSE, P.J.,** and **MOORE, J.,** concur.